J-S26005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL SMITH, | |
| Appellant | No. 1812 EDA 2017 |

Appeal from the PCRA Order Entered May 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0701861-2006
CP-51-CR-0701881-2006

BEFORE:  BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 26, 2018**

Appellant, Michael Smith, appeals *pro se* from the order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant claims his petition meets a timeliness exception for newly-discovered evidence, based on his ostensibly recent discovery that his prior attorney had failed to file an appeal on his behalf from the denial of his first PCRA petition.  After careful review, we affirm.

On October 24, 2005, Appellant fatally shot Andre Burley following a disagreement about how to divide the proceeds of their drug sales.  Appellant subsequently confessed to his crime to a Philadelphia detective.

_____

[*] Former Justice specially assigned to the Superior Court.

Subsequently, a jury convicted Appellant of first-degree murder and carrying a firearm without a license and, on August 14, 2007, the trial court sentenced Appellant to life imprisonment without the possibility of parole for murder, and an additional term of 3½-7 years' incarceration for the firearm offense.

Appellant filed a timely notice of appeal on September 13, 2007. His appellate counsel failed to file a court-ordered Pa.R.A.P. 1925(b) statement on Appellant's behalf and, instead, filed with this Court a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981). Subsequently, this Court remanded for counsel to either file a Rule 1925(b) or Rule 1925(c)(4) statement. *See Commonwealth v. Smith*, No. 2352 EDA 2007, unpublished memorandum at 6-7 (Pa. Super. filed October 31, 2008). Counsel complied and filed a Rule 1925(b) statement on Appellant's behalf. Nevertheless, on November 30, 2009, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Smith*, No. 2352 EDA 2007, unpublished memorandum at 3 (Pa. Super. filed November 30, 2009). Appellant did not seek further review from that decision.

On December 28, 2009, Appellant filed a timely, *pro se* PCRA petition at CP-51-CR-0701861-2006, and another timely, *pro se* PCRA petition at CP-51-CR-0701881-2006 on April 9, 2010. The PCRA court appointed counsel to represent Appellant on November 23, 2010. PCRA counsel then filed amended PCRA petitions at each docket. In both petitions, Appellant claimed that direct appeal counsel was ineffective for failing to file with our Supreme Court a

- 2 -

petition for allowance of appeal from this Court's November 30, 2009 memorandum decision affirming his judgment of sentence. The PCRA court issued an order dismissing the petitions on April 20, 2012. Appellant did not appeal that decision.

On January 17, 2017, Appellant filed a *pro se* PCRA petition, which is the subject of the instant appeal. On April 10, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. Appellant filed a timely response thereto on April 21, 2017. The PCRA court then issued an order dismissing the petition on May 19, 2017. Appellant filed a timely notice of appeal on May 30, 2017. The PCRA court subsequently issued its Pa.R.A.P. 1925(a) opinion on July 31, 2017.[1]

Appellant now presents the following questions for our review:

1. In **Commonwealth v. Bennett**, 930 A.2d 1264 [(Pa. 2007)], the Pennsylvania Supreme Court clarified the provisions a petitoner must prove to succeed under [Section] 9545 (b)(1)(ii).

   i. The [PCRA] court reviewed Appellant's PCRA petition under the customary newly-discovered evidence standard which ordinar[i]ly applied the misnomer standard. Should the Court reverse the [PCRA] court's application of this highly d[e]ferential standard in light of **Bennett**? And more recently, **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017)?

2. Whether the [PCRA] court abused its discretion in dismissing Appellant's PCRA petition as being untimely filed without granting an evidentiary hearing pursuant to **Commonwealth v. Pagan**, 950 A.2d 270 [(Pa. 2008)]?

---

[1] The PCRA court did not order Appellant to file a Rule 1925(b) statement.

i. In **Pagan**, the Pennsylvania Supreme Court stated the basis for individuals who satisfy the requirements of [Section] 9545 (b)(1)(ii).

3. Whether the PCRA court erred and/or abused its discretion in dismissing Appellant's PCRA petition as untimely, because (1) Counsel's abandonment satisfied the "newly-discovered evidence" exception to the PCRA's statute of limitations, and (2) Appellant filed his PCRA petition within sixty (60) days of discovering that his petition was dismissed and counsel failed to file a timely appeal without notifying Appellant?

Appellant's Brief at v.

This Court's standard of review, regarding an order denying a petition filed under the PCRA, is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Bennett**, 930 A.2d at 1267. Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant claims that the patent untimeliness of his PCRA petition is excused by the newly-discovered evidence exception, Section 9545(b)(1)(ii). Specifically, he claims that it was previously unknown to him, until December of 2016, that his PCRA counsel (for his 2009 and 2010 PCRA petitions) had failed to file an appeal on his behalf from the April 20, 2012 order dismissing the consolidated, amended petition. In December of 2016, Appellant received a copy of his case's docket sheet through his prison counselor, which indicated that no appeal had been filed following the PCRA court's April 20, 2012 order. Appellant avers that until that time, he believed that his PCRA counsel had filed an appeal on his behalf, and that the matter was still pending.

The PCRA court rejected application of Section 9545(b)(1)(ii), finding that Appellant failed to demonstrate that he acted with due diligence in

uncovering the newly-discovered fact of PCRA counsel's alleged abandonment. Specifically, the court found that Appellant failed to aver in his petition

> what action(s) he took to determine the status of the appeal … prior to the request for his docket sheets from his counselor almost five years after the [c]ourt dismissed his petitions. Appellant's bald assertion that he could not have discovered this information through the exercise of due diligence is unavailing. Due diligence demands that Appellant take reasonable steps to protect his own interests and he must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.

PCRA Court Opinion (PCO), 7/31/17, at 4.

In his brief, Appellant claims that he did take numerous steps from 2012 through 2016 to try to determine the status of the 2009/2010 petitions. *See* Appellant's Brief at 5. He provides some documentation to corroborate those actions, including two affidavits from family members indicating that PCRA counsel had essentially ignored their repeated attempts at communication over that time period,[2] and several letters sent by Appellant to PCRA counsel during those years.[3]

The Commonwealth argues that Appellant's invocation of Section 9545(b)(1)(ii) fails on several fronts. First, the Commonwealth believes that Appellant is essentially asserting a claim of PCRA counsel's infectiveness which it claims, categorically, can never satisfy the requirements of Section 9545(b)(1)(ii). Second, the Commonwealth contends that the affidavits and

---

[2] *See* Appellant's Brief, Exhibit B.

[3] *See* Appellant's Brief, Exhibit C.

letters offered to demonstrate Appellant's due diligence in his brief are not part of the record in this case, as such evidence was not presented in Appellant's petition. Third, the Commonwealth asserts that even if those documents were part of the record, they nevertheless undermine Appellant's claim that he was unaware until December of 2016 that PCRA counsel had failed to file the desired appeal on his behalf. We reject the Commonwealth's first argument, but agree with respect to the second and third.

First, while "[i]t is well settled that allegations of ineffective assistance of counsel [('IAC')] will not overcome the jurisdictional timeliness requirements of the PCRA[,]" the Commonwealth overstates the breadth of this legal standard. *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). However, the *Wharton* rule[4] does not extend to claims alleging the complete abandonment of counsel. As our Supreme Court subsequently explained in *Bennett*:

> In *Gamboa–Taylor* and subsequent cases, we addressed situations when PCRA counsel had allegedly ineffectively narrowed the class of claims raised by not including all of the viable claims in the first petition. In such instances, we concluded that by allowing the claim to go forward "the timeliness requirements crafted by the legislature would thus effectively be eviscerated by any petitioner who was willing to file serial PCRA petitions alleging ineffective assistance of counsel." [*Commonwealth v.*] *Howard*, 788 A.2d [351,] 355 [(Pa. 2002)] (citing *Gamboa–Taylor supra*). Thus, we firmly rejected any such attempts "to circumvent the one-year time limitation" via claims of PCRA

---

[4] We identify this rule as such given the Commonwealth's citation of *Wharton*. However, the rule itself was earlier articulated by our Supreme Court in *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000), and *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000).

counsel ineffectiveness. *Id.* This interpretation is consistent with the federal constitutional standard guiding claims of appellate counsel's ineffectiveness, which allow counsel to choose among nonfrivolous claims and select the best issues for purposes of appeal.

Those cases, however, have no relevance when the claim emanates from the complete denial of counsel. Rather, in such instances, the United States Supreme Court mandates the presumption of prejudice because the process itself has been rendered "presumptively unreliable" under the Sixth Amendment. *See Roe v. Flores–Ortega*, 528 U.S. 470, 481–82, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (quoting *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). The Court has extended the presumptively prejudicial reasoning to the failure to appoint counsel for purposes of direct appeal. *Penson v. Ohio*, 488 U.S. 75, 88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Likewise, the Court has declared that counsel's failure to file a requested notice of appeal was presumptively prejudicial. *Flores–Ortega*, 528 U.S. at 483, 120 S.Ct. 1029.

Consistent with this jurisprudence, this Court has recognized a distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances, as here, in which counsel has failed to file an appeal at all.

*Bennett*, 930 A.2d at 1272-73. Thus, *Bennett* instructs that IAC claims involving *per se* or presumed prejudice can *potentially* satisfy Section 9545(b)(1)(ii). As such, Appellant's claim that counsel failed to appeal from the denial of his 2009/2010 PCRA petitions is not *categorically* barred under the *Wharton* rule.

Nevertheless, the mere allegation that counsel failed to file an appeal does not fully satisfy Section 9545(b)(1)(ii). As noted in *Bennett*, prejudice is only presumed for IAC purposes when counsel "fail[s] to file a *requested* notice of appeal…." *Bennett*, 930 A.2d at 1273 (emphasis added). Here, the

PCRA court dismissed Appellant's petition, in part, because he did not "claim that he requested that PCRA counsel file an appeal…." PCO at 4. However, Appellant claims that he was unware that his 2009/2010 PCRA petitions were denied until December of 2016 and, thus, he asserts or, at least, implies, that he *would have* requested an appeal had he been aware of the status of his case. Whether Appellant would have requested an appeal had he become aware of the denial of his 2009/2010 PCRA petitions in a timely manner is a factual question that could only be determined at an evidentiary hearing. Accordingly, Appellant's failure to specifically allege that he requested that appeal was not fatal to his invocation of Section 9545(b)(1)(ii).

In the circumstances of this case, however, Section 9545(b)(1)(ii) also requires Appellant to demonstrate that he could not have discovered the status of his 2009/2010 PCRA petitions prior to December 2016 through the exercise of due diligence. "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015), *aff'd*, 158 A.3d 618 (Pa. 2017). Proof of due diligence in particular circumstances may ultimately require an evidentiary hearing. Initially, however, Appellant must first ***allege*** facts in his PCRA petition which, ***if deemed credible*** at a later hearing, could satisfy the due diligence standard. ***See*** 42 Pa.C.S. § 9545(b)(1) (requiring an untimely PCRA petitioner

- 9 -

to "allege[]" in the petition, **and** subsequently "prove[,]" that one of the enumerated exceptions to the PCRA's time-bar applies).

The PCRA court indicates that, **in his petition**, Appellant only made a "bald assertion that he could not have discovered this information through the exercise of due diligence" in the nearly five years between the denial of his 2009/2010 petitions, and his discovery of that denial in December of 2016. PCO at 4. We agree.

In his petition, Appellant only alleged that he first learned of the dismissal of his 2009/2010 petitions in December of 2016, when he received a copy of his case's docket from a counselor. Appellant made no allegations in the petition regarding why he was unable to present a similar request to his counselor in 2013, 2014, or 2015, or why he failed to make any other efforts, whatsoever, to learn the status of his case, from April of 2012 (when the petitions were denied) until December of 2016 (when he discovered the denial). While the judicial system often moves at a snail's pace, Appellant's inaction for nearly five years is not justifiable on that basis alone.

Contrary to Appellant's arguments, our Supreme Court's decision in **Burton** does not explain this delay. In **Burton**, our Supreme Court held that the presumption that information which is of public record cannot be deemed "unknown," for purposes of Section 9545(b)(1)(ii), does not apply to incarcerated, *pro se* petitioners. **Burton**, 158 A.3d at 638. Absent that presumption, it still remains the PCRA petitioner's burden to demonstrate due diligence in unveiling the newly-discovered fact at issue. Thus, while we will

- 10 -

not assume that Appellant had easy access to the public record containing the evidence that his 2009/2010 petitions were denied in 2012, Appellant must still both allege and prove that he made reasonable efforts to discover that fact prior to December of 2016. To warrant an evidentiary hearing on the question of due diligence, Appellant must at least allege facts that, if believed by the factfinder, might demonstrate that he acted with due diligence in discovering the status of his case from 2012 until 2016. He alleged no such facts in his petition.

In his brief, Appellant attaches affidavits from family members which purport to show their efforts to communicate with Appellant's PCRA counsel regarding the status of his case during the time period in question. *See* Appellant's Brief, Exhibit B. Appellant also provides letters he purportedly wrote to counsel from 2012 to 2016, wherein he inquires as to the status of his case. *See* Appellant's Brief, Exhibit C. The Commonwealth correctly notes that these documents were not presented to the PCRA court in Appellant's petition, nor in his response to the court's Rule 907 notice. As such, they are not part of the certified record before this Court. Most importantly, they were not before the PCRA court when it issued its order dismissing Appellant's petition and, therefore, cannot retroactively undermine the judgment of that court. Indeed, the letters set forth in Exhibit B are both dated after the order denying Appellant's PCRA petition and, thus, could not possibly have been before the lower court when it issued its decision.

Moreover, even if Appellant's letters were authentic, and even if he had presented them in a timely fashion in his PCRA petition, the Commonwealth perceptively notes that they fundamentally undermine Appellant's attempt to demonstrate that he acted with due diligence in this matter. In the letter dated May 5, 2012, Appellant writes, *verbatim*, "I've been notified by the District Attorney my P.C.R.A. Petition has been Denied." Appellant's Brief, Exhibit C.[5] If Appellant knew his petition was denied on May 5, 2012, he cannot plausibly claim that fact was newly-discovered in December of 2016.

Based on the forgoing, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely, and without a hearing, as that decision was supported by the record and free of legal error.

Order *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18

---

[5] Appellant also appears to request an appeal in the subsequent letter, dated June 18, 2012, further demonstrating his knowledge that his 2009/2010 petitions had been denied. *Id.*